IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **AAI CORPORATION,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO.  1:11-cv-00608-JKB |
| **APPLIED GEO TECHNOLOGIES, INC.,** | * | |
| Defendant | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

AAI Corporation ("Plaintiff") brought this suit against Applied Geo Technologies, Inc. ("Defendant") alleging breach of contract, unjust enrichment, *quantum meruit*, tortious interference, and unfair competition.  Defendant now moves the Court to reconsider its previous order (ECF No. 28) striking Defendant's amended answer and counterclaim and seeks the Court's leave to re-file these amended pleadings.  The issues have been briefed by Defendant, and no oral argument is required.  Local Rule 105.6.  For the reasons explained below, Defendant's Motion for Reconsideration (ECF No. 29) is DENIED AS MOOT and Defendant's Amended Motion for Reconsideration (ECF No. 33) is GRANTED.

I.     BACKGROUND

On December 6, 2011, Defendant filed an amended answer and counterclaim (ECF No. 26) without seeking Plaintiff's consent or leave of court.  On December 9, 2011, the Court issued an order (ECF No. 27) informing Defendant that it was required under FED. R. CIV. P. 15(a)(2) to obtain such consent or leave before filing an amended pleading.  The Court granted Defendant an

1

extension of time, until December 16, 2011, to either obtain Plaintiff's written consent or to file a motion for leave to amend. When Defendant failed to file a motion to amend by December 16, the Court issued an order striking Defendant's amended answer and counterclaim. (ECF No. 28). On December 27, 2011, Defendant filed a motion for reconsideration (ECF No. 29), explaining that defense counsel's email address had not been correctly entered into CM/ECF and that counsel had therefore not received any of the Court's previous notices. Then, on January 13, 2012, Defendant filed an amended motion for reconsideration, (ECF No. 33), including a supplemental "red-line" version of its proposed amended answer and counterclaim. Plaintiff has not filed a response to either the original or amended motion for reconsideration, and the deadline for it to do so is now passed, making the motions ripe.

## II.       LEGAL STANDARD

Leave to file an amended or supplemental pleading should be "freely give[n] where justice so requires." FED. R. CIV. P. 15(a)(2). A district court may deny leave, however, if: (1) the new pleading would prejudice the opposing party; (2) the moving party has acted in bad faith; or, (3) the new pleading would be futile (*i.e.*, if it could not withstand a motion to dismiss). *Perkins v. U.S.*, 55 F.3d 910, 917 (1995); *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006). If a district court chooses to deny leave, it must give justifying reasons. *See id* (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

## III.      ANALYSIS

The Court has thus far been unable to confirm (or reject) defense counsel's claim regarding an erroneous e-mail address. However, because Plaintiff has not opposed Defendant's motions to reconsider, the Court concludes that Plaintiff is not likely to be prejudiced if the proposed amendments are allowed. Therefore, in view of the liberal standard for amendment of

pleadings, the Court will vacate its previous order (ECF No. 28) and grant Defendant leave to file its amended answer and counterclaim.

## IV. ORDER

Accordingly, it is ORDERED that:

(1) Defendant's Motion for Reconsideration (ECF No. 29) is DENIED AS MOOT;

(2) Defendant's Amended Motion for Reconsideration (ECF No. 33) is GRANTED;

(3) This Court's Order (ECF No. 28) striking Defendant's First Amended Answer and Counterclaim is VACATED; and,

(4) Defendant is GRANTED LEAVE to file its First Amended Answer and Counterclaim.

Dated this 3rd day of February, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge